1   Michael S. Sorgen (SBN 43107) msorgen@sorgen.net
    Ryan L. Hicks (SBN 260284) rhicks@sorgen.net
2   LAW OFFICES OF MICHAEL S. SORGEN
    Richard A. Hoyer (SBN 151931) rhoyer@hoyerlaw.com
3   HOYER & ASSOCIATES
    240 Stockton Street, 9th Floor
4   San Francisco, CA 94108
    T: (415) 956-1360
5   F: (415) 276-1738

6   Attorneys for Plaintiffs

7                   UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9   SHADI AL LAHHAM, LAITH ABUHEJLEH,      Case No. 3:12-cv-00355-JW
    NAZMI KASTIRO, AHMAD KIWAN, and
10  MOHAMED ALGAHIM, on behalf of          **SECOND AMENDED FLSA
    themselves and all others similarly    COLLECTIVE ACTION AND RULE 23
11  situated,                              CLASS ACTION COMPLAINT FOR:**

12              Plaintiffs,                 **FLSA MINIMUM WAGE & OVERTIME
                                           (29 U.S.C. §§206, 207, 216(B), 255(A));**
13      vs.
                                           **CAL. MINIMUM WAGE & OVERTIME
14  SERRA MEDICAL TRANSPORTATION           (CAL. LABOR CODE §§1194, 1194.2,
    COMPANY, INC., SERRA YELLOW CAB        1197);**
15  OF DALY CITY, INC., TALIB SALAMIN
    and DOES 1-25,                         **REIMBURSEMENT OF BUSINESS
16                                         EXPENSES (CAL. LABOR CODE
                Defendants.                §2802);**
17
                                           **MEAL AND REST PERIOD
18                                         VIOLATIONS (CAL. LABOR CODE
                                           §§226.7, 512);**
19
                                           **RELATED CAL. LABOR CODE
20                                         VIOLATIONS;**
21
                                           **VIOLATIONS OF THE CAL. BUS. &
22                                         PROF. CODE §17200, *ET SEQ.*;**
23
                                           **PENALTIES AND ATTORNEYS' FEES
24                                         (CAL. LABOR CODE §§2698, *ET SEQ.*);
                                           AND**
25
                                           **RETALIATORY TERMINATION**
26
                                           **DEMAND FOR JURY TRIAL**
27

28

1    Pursuant to the parties' August 2, 2012 stipulation and the Court's subsequent Order

2  pursuant to that stipulation, Plaintiffs SHADI AL LAHHAM ("Al Lahham"), LAITH

3  ABUHEJLEH ("Abuhejleh"), NAZMI KASTIRO ("Kastiro") AHMAD KIWAN ("Kiwan"), and

4  MOHAMED ALGAHIM ("Algahim," collectively "Plaintiffs") file their Second Amended

5  Complaint on behalf of themselves and all others similarly situated against Defendants

6  SERRA MEDICAL TRANSPORTATION, INC. ("SMT"), SERRA YELLOW CAB OF DALY

7  CITY, INC. ("SYC") and TALIB SALAMIN ("Salamin," collectively "Defendants" or "Serra"),

8  and allege as follows:

9                                    <u>**NATURE OF THE ACTION**</u>

10    1.    This is a class and collective action for relief from Defendants' unlawful and

11  intentional misclassification of its medical transportation vehicle drivers ("drivers") as

12  "independent contractors." Defendants provide pre-arranged medical transportation services

13  throughout San Mateo County. Defendants utilized Plaintiffs and its other similarly situated

14  drivers to pick up and drop off passengers who are otherwise unable to drive themselves.

15  Defendants exercise such pervasive control over their transport operations, that the drivers

16  must have the rights of employees under the Fair Labor Standards Act ("FLSA") and

17  California law.

18    2.    By Serra's misclassification of its drivers, it attempts to justify its failure to pay

19  their drivers overtime, minimum wage or for all hours worked, its refusal to indemnify them

20  from employment-related expenses and losses, its wrongful deductions from their wages, its

21  failure to provide them with off-duty meal and rest periods, to document the actual hours

22  worked by its drivers, and to provide accurate wage statements to the drivers, all of which

23  are required under FLSA and/or California law. Serra's misclassification policy has been in

24  effect for at least four years prior to the filing of this action.

25    3.    Plaintiffs seek payment of minimum wages, overtime, liquidated damages, and

26  attorneys' fees and costs under the FLSA on behalf of themselves and all similarly situated

27  drivers working for Defendants (the "FLSA Collective Action Members"). The collective

28  claims are brought on behalf of Plaintiffs and all FLSA Collective Action Members who file

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

1   valid Consents to Sue and who drove medical transportation vehicles for Defendants during

2   the statutory period commencing three years prior to the filing of their respective Consents

3   to Become Party Plaintiffs (the "Collective Action Period.").

4          4.      The Plaintiff drivers also bring claims under California Law for unpaid minimum

5   wage and overtime compensation, reimbursement of business expenses and losses,

6   reimbursement of wrongful deductions taken from wages, meal and rest period premium

7   wages, liquidated damages, injunctive relief, restitution, disgorgement, statutory penalties,

8   interest and attorneys' fees and costs. These California claims are brought on behalf of a

9   Fed. R. Civ. P. 23 Class of persons who were paid to drive Defendants' medical

10  transportation vehicles during the period commencing four years prior to the date this action

11  was filed (the "Class Period"). Plaintiffs further seek civil penalties and attorneys' fees

12  pursuant to the Private Attorneys General Act, Cal. Labor Code §§2698, *et seq.*

13         5.      Plaintiffs Al Lahham and Kiwan also bring individual claims of retaliatory

14  termination in violation of Labor Code §1102.5. When Al Lahham and Kiwan complained to

15  Defendants about being forced to work 12-hour-plus shifts without overtime pay and refused

16  to work without receiving the minimum compensation to which they were legally entitled,

17  Serra terminated them, even sending two employees to physically take the van assigned to

18  Al Lahham, despite their having labeled them "independent contractors."

19                          **VENUE AND JURISDICTION**

20         6.      This Court has jurisdiction over the claims brought under the Fair Labor

21  Standards Act ("FLSA," 29 U.S.C. §201, *et seq.*) pursuant to 28 U.S.C. §1331 and

22  supplemental jurisdiction over the remainder of the claims pursuant to 28 U.S.C. §1367.

23         7.      Venue is proper in this District pursuant to 28 U.S.C. §1331(b). Most, if not all

24  Members of the Plaintiffs' putative class and proposed collective action reside in California

25  and this District. Defendants are headquartered and/or reside within this District. Throughout

26  their tenure as drivers, all plaintiffs were based in Serra's Burlingame offices, performing

27  services throughout San Mateo County. All of the acts complained of and giving rise to

28  Plaintiffs' claims occurred and/or are still occurring in this State and this District.

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

**<u>PARTIES</u>**

8.     Plaintiff Shadi Al Lahham is a current resident of Belmont, CA. He drove medical transportation vehicles for Serra from October 2008 until September 2011.

9.     Plaintiff Laith Abuhejleh is a current resident of Belmont, CA. He drove medical transportation vehicles for Serra from September 2007 through October 2009.

10.     Plaintiff Nazmi Kastiro is a current resident of San Carlos, CA. He drove medical transportation vehicles for Serra from July 2010 through July 2011.

11.     Plaintiff Ahmad Kiwan is a current resident of San Mateo, CA. He drove medical transportation vehicles for Serra from February 2010 through January 2011.

12.     Plaintiff Mohamed Algahim is a current resident of Daly City, CA. He currently drives vehicles for Serra, and exclusively performed medical transportation services for them for a period which lasted from approximately 2008 through mid-2009.

13.     Defendant SMT is incorporated under the laws of California with its principal place of business and headquarters in San Mateo County, California. At all times SMT has been an employer covered by the FLSA, the California Labor Code and IWC Wage Order No. 9.

14.     Defendant SYC is incorporated under the laws of California with its principal place of business and headquarters in San Mateo County, California. At all times SYT has been an employer covered by the FLSA, the California Labor Code and IWC Wage Order No. 9.

15.     Defendant Salamin is the owner and chief executive of both SMT and SYC and is a resident of San Mateo, CA. As is further alleged below, both SMT and SYC are alter egos of Salamin, and in the alternative, Salamin is the joint employer of Plaintiffs and the other similarly situated drivers.

16.     The true names and capacities of Defendants sued herein as DOES 1-25, inclusive, are currently unknown to Plaintiffs, who therefore sue them by such fictitious names. Each of the Defendants designated as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this

1   Complaint to reflect the true names and capacities of the Defendants designated hereinafter

2   as DOES when such identities become known. Hereinafter Defendants and the DOE

3   defendants shall be referred to collectively as "Defendants" and/or "Serra."

4         17.    At all times relevant hereto, Defendants, and each of them, were the agents,

5   employees, managing agents, supervisors, coconspirators, parent corporation, joint

6   employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and

7   in doing the things alleged herein, were acting at least in part within the course and scope of

8   said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture

9   and with the permission and consent of each of the other Defendants.

10         18.    Whenever and wherever reference is made in this Complaint to any act or

11  failure to act by a Defendant or co-Defendant, such allegations and references shall also be

12  deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly

13  and severally.

14              **JOINT EMPLOYER AND ALTER EGO ALLEGATIONS**

15         19.    Salamin dictates the day-to-day business of SMT and SYC and further

16  controls the implementation of compensation and labor policies of both companies,

17  including those that were and are applied to Plaintiffs and the similarly situated drivers.

18  Salamin utilized both SMT and SYC to pay compensation to Plaintiffs and the other similarly

19  situated drivers. Salamin owns the equipment necessary for the Plaintiffs and other similarly

20  situated drivers to perform their job. Salamin retains and exercises his authority to hire,

21  train, fire, or discipline the drivers and personally made hiring, disciplinary and/or firing

22  decisions concerning all four named Plaintiffs. Salamin further retained exercised and

23  continues to exercises his discretion to set the compensation rates and working hours for

24  Plaintiffs and the other similarly situated drivers.

25         20.    Indeed, by exercising his control over SMT and SYC and implementing the

26  prohibited policies complained of herein, Salamin caused the Labor Code violations set forth

27  in this complaint. Salamin knew that Plaintiffs and the other similarly situated drivers were

28  and are working in his businesses while being improperly misclassified as "independent

contractors," and further knew that the drivers were not being compensated at the minimum or overtime wage or even for all hours worked for his benefit. Salamin has suffered and/or permitted the work of Plaintiffs and the other similarly situated drivers by knowingly allowing (and in fact requiring) such uncompensated or inadequately compensated work to occur by improperly misclassifying Plaintiffs and the other medical transport vehicle drivers as "independent contractors," and by failing to perform his duty to prevent such prohibited uncompensated and inadequately compensated work from occurring, and is an employer of the Plaintiffs and other similarly situated drivers under California law.

21.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between SMT, SYC, Salamin and DOES, that the individuality and separateness of Defendants have ceased to exist.

22.     Despite the formation of purported corporate existence, Salamin is, in reality, one and the same as SMT, SYC and DOES, including, but not limited to:

a)     SMT and SYC are completely dominated and controlled by Salamin and DOES, and created and/or enforced the illegal payroll practices of misclassifying medical transport drivers as "independent contractors", and personally committed the frauds and violated the laws as set forth in this complaint, and has hidden and currently hides behind SMT and SYC to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b)     Salamin and DOES held themselves out as being responsible for the debts of SMT and SYC by personally guaranteeing SMT and SYC's contractual and legal obligations.

c)     Salamin and DOES derive actual and significant monetary benefit by and through SMT and SYC's unlawful conduct.

23.     Plaintiff is informed and believes that Salamin, SMT, SYC and DOES, which are really one and the same, were segregated to appear as though separate and distinct for

1  purposes of perpetrating fraud, circumventing a statute, or accomplishing some other
2  wrongful or inequitable purpose.

3      24.    On information and belief, SMT and SYC, despite filing the requisite
4  incorporating documents with the Secretary of State, thereafter failed to comply with any of
5  the required corporate formalities to be entitled to recognition as a corporate entity,
6  including, but not limited to, by failing to: adequately capitalize; file the Statements of
7  Information, Domestic Stock Corporation required to be filed with the Secretary of State
8  annually pursuant to Corporations Code §1502; hold shareholders' meetings as and when
9  required by law; hold directors' meetings as and when required by law; keep adequate
10  minutes as required by law; issue stock; and/or comply with other requirements for publicly
11  traded corporations.

12      25.    The business affairs of SMT, SYC, Salamin and DOES, are, and at all times
13  relevant hereto were so mixed and intermingled that the same cannot be reasonably be
14  segregated.  SMT and SYC are, and at all times relevant hereto were, used by Salamin and
15  DOES 1-25 as a mere shell and conduit for the conduct of Salamin and certain of DOES'
16  affairs, and are and were, the alter egos of Salamin and DOES. The recognition of the
17  separate existence of SMT and/or SYC would not promote justice, in that it would permit
18  Salamin and DOES to insulate themselves from liability to Plaintiffs for the Labor Code and
19  other statutory violations. The corporate existence of SMT and SYC and DOES should be
20  disregarded in equity because such disregard is necessary to avoid fraud and injustice to
21  Plaintiffs.

22  **FACTUAL ALLEGATIONS**

23      26.    Defendants operate a medical transportation service, using an integrated
24  communication network and a central dispatch facility.

25      27.    During the four years prior to Plaintiffs filing their initial complaint, Defendants
26  have employed over fifty medical transportation drivers at their San Mateo County facilities
27  within California. Defendants employed drivers to timely pick up and drop off passengers
28  based on times, locations, and for amounts determined by Defendants.

28.     Defendants retain and exercise extensive control over the work of the drivers. Plaintiffs and the other drivers exclusively pick up and drop off passengers at the direction of Defendants, who assign customers and locations to the drivers throughout each day. Defendants employ dispatchers, customer service representatives, and other managerial employees at their Daly City and Burlingame facilities, all of whom have supervisory responsibility over the drivers, their daily assignments, and paperwork. The drivers interact with Serra personnel throughout their workday and are subject to various forms of punishment if and when they complain about or do not follow Serra's rules and instructions.

29.     Defendants order the drivers to report for duty at a set time according to a regular schedule, even if there are no passengers to be picked up at that time. Plaintiffs and the similarly situated drivers are disciplined if they fail to so report for duty or to remain available for the duration of their shift. Plaintiffs are not allowed to take sick or vacation days or they will be terminated. They are not allowed to provide any of their own equipment or distribute their personal mobile phone numbers to passengers. If they are unable to report for duty, the drivers are prohibited from providing another driver to substitute in their stead. The drivers work for Serra on an indefinite basis, and at all times Serra retained the right to terminate its drivers at will. Indeed, Serra exercised that right by terminating all four named Plaintiffs.

30.     Defendants control and limit the semi-monthly compensation paid to all drivers, which they pay on a per-mile basis only while the drivers transport passengers. Drivers are not paid for the time that they are required to "swipe in" and to be on duty and available to dispatch, or for driving to locations where they ultimately do not pick up a passenger, despite Serra's requirement that they go to the location for a pick up. The drivers do not employ a taximeter when transporting passengers, and are not paid a percentage of the pre-arranged fee that Serra charges its customers for the services drivers render. The drivers have no control over the rates charged to Serra's customers, and are not permitted (and in fact face discipline) if they attempt to pick up any passengers independent of

1 | directions received from Serra. The drivers' remuneration depends entirely on their ability to
2 | drive Serra's vehicles and pick up and drop off Serra's customers as permitted by Serra.

3 | 31. Plaintiffs and the drivers perform services that are the integral part of Serra's
4 | medical transportation business enterprise by driving Serra's vehicles, reliably serving its
5 | customers, by following controlled pick up and drop off procedures, while being governed by
6 | Serra's policies and procedures.

7 | 32. Despite Serra's pervasive control over all aspects of its medical passenger
8 | transport operations, including the drivers, it has uniformly and unilaterally classified and
9 | treated the drivers, including Plaintiffs, as "independent contractors."

10 | 33. Defendants' classification and treatment of Plaintiffs and the similarly situated
11 | drivers as "independent contractors" rather than employees is and during all relevant times
12 | has been unlawful and has resulted in the numerous violations described below:

a) Defendants have required Plaintiffs and similarly situated FLSA Collective Action Members to work hours considerably in excess of forty per week. It has been Defendants' policy and practice to require the FLSA Collective Action Members to regularly work overtime hours without compensation.

b) Defendants have failed to pay Plaintiffs and the FLSA Collective Action Members the applicable minimum wage during the Collective Action Period.

c) Serra has required Plaintiffs and the Class Members to work more than 8 hours per day and/or 40 hours in a week without receiving overtime compensation. Plaintiffs are informed and believe that it has been Serra's policy and practice to willfully and knowingly fail to pay overtime compensation of any kind to Plaintiffs and the Class Members.

d) Defendants have failed to pay minimum wage compensation to Plaintiffs and the Class Members for all hours worked.

e)   Defendants have regularly failed to provide a 30-minute off-duty meal period to Plaintiffs and the similarly situated drivers who worked more than five hours in a day, or to provide a second 30-minute off-duty meal period to Plaintiffs and the similarly situated drivers who worked more than ten hours in a day.

f)   Defendants have failed to record the actual hours worked by Plaintiffs and the similarly situated drivers, to itemize the total hours worked on wage statements furnished to Plaintiffs and the similarly situated drivers, or to properly maintain payroll records showing the actual hours worked each day by Plaintiffs and the similarly situated drivers.

g)   Defendants have failed to indemnify Plaintiffs and the similarly situated drivers for employment-related expenses, including but not limited to operational costs associated with the vans, maintenance costs, repair costs, and mobile phone usage. Instead, Defendants has required deductions from their and the similarly situated drivers' compensation to cover many of these employment-related expenses.

h)   Defendants have willfully and knowingly failed to pay Plaintiffs Al Lahham, Kastiro, Kiwan and Class Members terminated during the year before this action was filed, upon termination of employment, all accrued compensation, including repayment of all unlawful deductions from wages, payment of missed meal period compensation, and payment of minimum wage and overtime compensation.

34.   As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs and the Class Members are owed un-reimbursed business expenses plus interest, repayment of unlawfully deducted wages plus interest, minimum wage plus interest and liquidated damages, overtime compensation plus interest and/or liquidated damages, meal period premium wages plus interest, waiting time penalties under Labor Code §203, other

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

1  statutory penalties, and punitive damages, the precise amount of which will be proven at
2  trial.

3      35.     Defendants' actions were willful, malicious, fraudulent and oppressive, were
4  committed with the wrongful intent to injure Plaintiffs and the similarly situated drivers, were
5  intended to avoid employee status for Plaintiffs and the similarly situated drivers, and were
6  done in conscious disregard for their rights.

7                          **COLLECTIVE ACTION ALLEGATIONS**

8      36.     Plaintiffs bring their claims for relief resulting from violations of the FLSA as a
9  collective action pursuant to §16(b) of the FLSA (29 U.S.C. §216(b)) on behalf of the FLSA
10  Collective Action Members, who include all drivers who operated medical transport vehicles
11  for Serra within the applicable statutory time period and who file Consents to Become Party
12  Plaintiffs to this action.

13      37.     The named Plaintiffs and the FLSA Collective Action Members are similarly
14  situated, perform/performed substantially similar duties for Serra, and are/were subject to
15  Serra's common practice of unlawfully classifying said drivers as "independent contractors"
16  despite exercising pervasive control over all manner and means of performance of such
17  duties, as alleged herein.

18      38.     At all times relevant to this complaint, each Defendant has been and continues
19  to be an "employer" engaged in interstate "commerce" and/or in the production of "goods"
20  for "commerce" within the meaning of the FLSA, 29 U.S.C. §201, *et seq.* At all relevant
21  times, Defendants have employed and continue to employ, "employees" including Plaintiffs
22  and each of the FLSA Collective Action Members. At all relevant times, Defendants have
23  had gross operating revenues in excess of $500,000.

24      39.     The Causes of Action that include violations of the FLSA may be brought and
25  maintained as an "opt-in" collective action pursuant to §16(b) of the FLSA, because
26  Plaintiffs' claims are similar to the claims of the FLSA Collective Action Members.

27

28

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

40.     Plaintiffs consent to sue in this action pursuant to 29 U.S.C. §216(b). It is likely that other individuals will sign consent forms and join as party Plaintiffs on this claim in the future.

41.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at the rate of at least the minimum wage for all compensable hours worked, and not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a week.

42.     The names and addresses of the FLSA Collective Action Members are available from Serra. Accordingly, Plaintiffs seek an Order requiring Serra to provide the names and all available contact information for all members of the FLSA Collective Action so that they may be provided with notice of the pendency of this action and their right to opt in to it as party Plaintiffs.

43.     Plaintiffs, on behalf of themselves and the FLSA Collective Action Members, seek damages in the amount of their respective unpaid minimum wages, overtime compensation and liquidated damages, as provided by the FLSA, 29 U.S.C. §§216(b) and 255, and such other legal and equitable relief as the Court deems just and proper.

## RULE 23 CLASS ACTION ALLEGATIONS

44.     Plaintiffs bring their First through Ninth Causes of Action under California law as a class action on behalf of all persons who drove medical transportation vehicles for Defendants while labeled as "independent contractors." Plaintiffs seek to certify a class pursuant to Fed. R. Civ. P. 23 comprised of:

> All persons who have performed medical transportation services for Defendants during the period commencing four years from the filing of this action through the entry of final judgment in this action.

45.     Plaintiffs' class claims herein may be properly maintained as a class action under Fed. R. Civ. P. 23 because there is a well-defined community of interest among the Class Members with respect to the claims asserted herein and the proposed class is easily ascertainable.

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

46.   <u>Ascertainability and Numerosity</u>: The putative Class Members as defined herein are so numerous that joinder would be impracticable. Plaintiffs are informed and believe and on such information and belief allege that Defendants have employed over 50 drivers during the Class Period. The names and addresses of the Class Members are available to Defendants and in their possession. Notice can be provided to the Class Members via First Class Mail, E-Mail or other adequate techniques and in a form of notice similar to those customarily utilized in class action lawsuits of this nature.

47.   <u>Commonality and Predominance of Common Questions</u>: There are questions of law and fact common to Plaintiffs and the Class Members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a)   Whether Defendants misclassified the Class Members as independent contractors when they were and are *de facto* employees under Federal and/or California law;

b)   Whether Defendants' misclassification of the Class Members was intentional and for the purpose of were intended to avoid employee status for the Class Members;

c)   Whether Defendants have required, encouraged, and/or permitted Class Members to work in excess of 40 hours per week and/or eight hours per day;

d)   Whether Defendants knew or should have known that Class Members regularly worked more than 40 hours per week and/or eight hours per day;

e)   Whether Defendants have violated Wage Order No. 9, §4 and Cal. Labor Code §1194, *et seq.* by their failure to pay the Class Members the minimum wage for all hours worked;

f)   Whether Defendants have failed to pay the Class Members overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

g)   Whether Defendants employed the Class Members in a position subject to, and not exempt from, California's overtime pay and other wage and hour laws and regulations;

h)   Whether Defendants have violated IWC Wage Order No. 9, §3 and Cal. Labor Code §§510 and 1194 by their failure to pay the Class Members overtime compensation;

i)   Whether Defendants failed to provide the Class Members adequate off-duty meal periods and compensation for missed meal periods in violation of IWC Wage Order No. 9, §11 and Cal. Labor Code §§226.7 and 512;

j)   Whether Defendants have knowingly and intentionally failed to provide the Class Members with an itemized statement showing all hours worked with each payment of wages, as required by Cal. Labor Code §226 and IWC Wage Order No. 9, §7;

k)   Whether Defendants have violated Cal. Labor Code §1174 and IWC Wage Order No. 9, §7 by failing to maintain documentation of the actual hours worked each day by the Class Members;

l)   Whether Defendants' failure to maintain documentation of the actual hours worked each day by the Class Members constitutes an unlawful, unfair and/or fraudulent business practice in violation of Cal. Bus. & Prof. Code §17200, *et seq.*;

m)   Whether the Class Members have necessarily incurred employment-related expenses and/or losses in carrying out their duties for Defendants;

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

n)   Whether Defendants have failed to indemnify the Class Members for their necessary employment-related expenses and/or losses in violation of Cal. Labor Code §2802;

o)   Whether Defendants have made unlawful deductions from the compensation paid to the Class Members in violation of Cal. Labor Code §§ 221, 223, 400-410 and IWC Wage Order No. 9, §8;

p)   Whether Defendants have violated Cal. Labor Code §§201-203 by failing to pay, upon termination, the Class Members all wages that were due and owing to them for minimum wages, overtime compensation, missed meal period premiums and/or wrongful deductions from wages;

q)   Whether each and every one of Defendants' violations alleged above constitute unlawful, unfair and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code §17200, *et seq.*

r)   Whether Plaintiffs and the Class Members are entitled to Civil Penalties pursuant to the California Private Attorneys General Act ("PAGA") for the violations of the Cal. Labor Code and applicable Wage Order described herein; and

s)   The proper formula and/or method for calculating restitution, damages and waiting time and other statutory penalties owed to the Plaintiffs and the Class Members.

48.   Typicality: Plaintiffs claims are typical of those of the Class. Defendants' common policy and practice of misclassifying its medical transportation vehicle drivers as "independent contractors" instead of as employees has caused Plaintiffs and the similarly situated Class Members to sustain the same or similar damages and injuries caused by the same practices of Defendants. Thus, Plaintiffs claims are representative of and co-extensive with the claims of the Class.

49.   Adequacy of Representation: Plaintiffs are all members of the Class, will prosecute this action zealously on behalf of the class, and have no conflicts of interest with

1  any other Class Members. Plaintiffs will adequately represent and protect the interests of

2  the Class. Plaintiffs' counsel are competent and experienced in litigating large employment

3  class actions, including large wage and hour class actions.

4  

**CLAIMS FOR RELIEF**

5  **FIRST CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGE**

6  **(Cal. Labor Code §§1182.11, 1194, *et seq.*, IWC Wage**
**Order No. 9, Minimum Wage Order, and 29 U.S.C. §§206 and 215)**

7  **(On Behalf of PLAINTIFFS, all CLASS MEMBERS and**
**all FLSA COLLECTIVE ACTION MEMBERS)**

8

9       50.    The allegations of each of the preceding paragraphs are re-alleged and

10  incorporated herein by reference.

11       51.    At all times relevant to this complaint, Labor Code §§1182.11 and 1197, Wage

12  Order No. 9 (8 Cal. Code. Regs. §11090) and the Minimum Wage Order were in full force

13  and effect and required that Defendants' non-exempt employees receive the minimum

14  wages for all hours worked irrespective of whether nominally paid on an hourly, piece rate,

15  or any other basis, at the rate $7.50 commencing January 1, 2007, and $8.00 per hour

16  commencing January 1, 2008.

17       52.    At all times relevant to the complaint, the FLSA Collective Action Members

18  were and are entitled to be paid at least the minimum wage pursuant to 29 U.S.C. §206.

19       53.    At various times throughout the relevant statutory period, Defendants have

20  paid Plaintiffs and the Class Members at a rate lower than the minimum wages described in

21  the previous paragraph.

22       54.    By knowingly and willfully failing to compensate Plaintiffs and the FLSA

23  Collective Action Members at a rate of not less than the minimum wage for all hours worked,

24  Defendants have violated, and continue to violate the FLSA, 29 U.S.C. §201, *et seq.*,

25  including §§206 and 215.

26       55.    By failing to record, report, and/or compensate Plaintiffs and the FLSA

27  Collective Action Members, Defendants have failed to make, keep, and preserve records

28

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

1   with respect to each of its employees sufficient to determine their wages, hours, and other

2   conditions and practice of employment in violation of the FLSA 29 U.S.C. §§211 and 216.

3       56.     As a direct and proximate result of the acts and/or omissions of Defendants,

4   Plaintiffs and the Class Members have been deprived of minimum wages due in amounts to

5   be determined at trial, and to additional amounts as liquidated damages, pursuant to Labor

6   Code §§1194 and 1194.2.

7       57.     By violating Labor Code §§1182.11 and 1197, IWC Wage Order No. 9, §4, and

8   the Minimum Wage Order, Defendants are also liable for reasonable attorneys' fees and

9   costs under Labor Code §1194.

10      58.     Plaintiffs, on behalf of themselves and the FLSA Collective Action Members,

11  seek recovery of attorneys' fees and costs of the action to be paid by Defendants as

12  provided by the FLSA, 29 U.S.C. §216(b).

13      59.     Plaintiffs request relief as described below.

14                          **SECOND CAUSE OF ACTION**
                              **FAILURE TO PAY OVERTIME**
15            **(Cal. Labor Code §§510, 1194, et seq., 29 U.S.C. §§207 and 215)**
                      **(On Behalf of PLAINTIFFS, all CLASS MEMBERS**
16                     **and all FLSA COLLECTIVE ACTION MEMBERS)**

17      60.     The allegations of each of the preceding paragraphs are re-alleged and

18  incorporated herein by reference.

19      61.     By failing to pay overtime compensation to Plaintiffs and the similarly situated

20  drivers, Defendants have violated and continue to violate Labor Code §510 and IWC Wage

21  Order No. 9, which require overtime for non-exempt employees for all hours worked more

22  than eight in a day, forty in a week, and any hours beyond eight worked on the seventh

23  consecutive workday of a work week.

24      62.     At all relevant times, the Defendants had a policy and practice of knowingly

25  and/or willfully failing and refusing to pay overtime compensation to the FLSA Collective

26  Action Members for their hours worked in excess of forty hours per week.

27      63.     By knowingly and willfully failing to compensate Plaintiffs and the FLSA

28  Collective Action Members at a rate of not less than one and one-half times the regular rate

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

1    of pay for work performed in excess of forty hours in a workweek, Defendants have violated,

2    and continue to violate the FLSA, 29 U.S.C. §201, *et seq.*, including §§207 and 215.

3           64.    By failing to record, report, and/or compensate Plaintiffs and the FLSA

4    Collective Action Members, Defendants have failed to make, keep, and preserve records

5    with respect to each of its employees sufficient to determine their wages, hours, and other

6    conditions and practice of employment in violation of the FLSA 29 U.S.C. §§211 and 216.

7           65.    By failing to maintain adequate time records as required by Cal. Labor Code

8    §1174(d) and IWC Wage Order No. 9, §7(A), Defendants have made it difficult to calculate

9    the overtime compensation due to Plaintiffs and the similarly situated drivers.

10          66.    As a result of Defendants' unlawful acts, Plaintiffs and the Class Members

11   have been deprived of overtime compensation in an amount to be determined at trial, and

12   are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and

13   costs pursuant to Labor Code §1194.

14          67.    By violating Labor Code §510, Defendants are liable for civil penalties and

15   attorneys' fees and costs under Labor Code §§558, 1194 and 1197.1.

16          68.    Plaintiffs, on behalf of themselves and the FLSA Collective Action Members,

17   seek recovery of attorneys' fees and costs of the action to be paid by Defendants as

18   provided by the FLSA, 29 U.S.C. §216(b).

19          69.    Plaintiffs request relief as described below.

20                              **THIRD CAUSE OF ACTION**
21              **FAILURE TO PROVIDE OFF-DUTY MEAL AND REST PERIODS**
                 **(Cal. Labor Code §§ 226.7, 512, IWC Wage Order No. 9)**
22                 **(On Behalf of PLAINTIFFS and all CLASS MEMBERS)**

23          70.    The allegations of each of the preceding paragraphs are re-alleged and

24   incorporated herein by reference.

25          71.    Plaintiffs and the Class Members have regularly worked in excess of five hours

26   per day without being provided at least a half-hour uninterrupted meal period in which they

27   were relieved of all duties, as required by Labor Code §§226.7 and 512, and IWC Wage

28   Order No. 9, §11(A). Plaintiffs and the Class Members have regularly worked in excess of

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

1   ten hours per day without being afforded a second uninterrupted half-hour meal period, as

2   required by the aforementioned statutes and regulations.

3         72.    Plaintiffs and the Class Members have regularly worked in excess of four

4   hours per day without being authorized or permitted to take at least a ten-minute half-hour

5   uninterrupted rest period during which they were relieved of all duties per each four-hour

6   work period or major fraction thereof, as required by Labor Code §§226.7 and 512, and IWC

7   Wage Order No. 9, §12(A).

8         73.    Because Defendants failed to afford proper meal and rest periods, they are

9   liable to the Plaintiffs and the Class Members for one hour of additional pay at the regular

10  rate of compensation for each work day that the proper meal periods were not provided and

11  for each work day that the proper rest periods were not authorized and permitted, pursuant

12  to Labor Code §226.7(b) and IWC Wage Order No. 9, §§11(B) and 12(B).

13        74.    By violating Labor Code §§226.7 and 512, and IWC Wage Order No. 9, §§11-

14  12, Defendants are also liable for reasonable attorneys' fees and costs.

15        75.    Plaintiffs request relief as described below.

16

17  **FOURTH CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**(Cal. Labor Code §§ 226, 226.3; IWC Wage Order No. 9)**

18  **(On Behalf of PLAINTIFFS and all CLASS MEMBERS)**

19        76.    The allegations of each of the preceding paragraphs are re-alleged and

20  incorporated herein by reference.

21        77.    Labor Code §226(a) and IWC Wage Order No. 9, §7(B) require employers

22  semi-monthly or at the time of each payment of wages to furnish each employee with a

23  statement itemizing, among other things, the total hours worked by the employee. Labor

24  Code §226(b) provides that if an employer knowingly and intentionally fails to provide a

25  statement itemizing, among other things, the total hours worked by the employee, the

26  employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the

27  initial violation and one hundred dollars ($100) for each subsequent violation, up to four

28  thousand dollars ($4,000).

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

78.     Defendants knowingly and intentionally failed to furnish Plaintiffs and the Class Members with timely, itemized statements showing the total hours worked, as required by Labor Code §226(a) and IWC Wage Order No. 9, §7(B). As a result Defendants are liable to Plaintiffs and the Class Members for the amounts provided by Labor Code §226(b).

79.     Plaintiffs request relief as described below.

**FIFTH CAUSE OF ACTION**
**FAILURE TO KEEP ACCURATE PAYROLL RECORDS**
**(Cal. Labor Code §§1174 & 1174.5; IWC Wage Order No. 9; 29 U.S.C. §§211 and 216)**
**(On Behalf of PLAINTIFFS, all CLASS MEMBERS**
**and all FLSA COLLECTIVE ACTION MEMBERS)**

80.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

81.     Defendants have violated Labor Code §1174 and IWC Wage Order No. 9, §7(A) by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiffs and the similarly situated drivers. As a direct and proximate result of Defendants' failure to maintain payroll records, Plaintiffs and the Class Members have suffered actual economic harm as they have been precluded from accurately monitoring the numbers of hours worked, their hourly wages owed, and the overtime hours they worked and for which they were not paid.

82.     By failing to record, report, and/or compensate Plaintiffs and the FLSA Collective Action Members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA 29 U.S.C. §§211(c) and 216(b).

83.     Plaintiffs request relief as described below.

**SIXTH CAUSE OF ACTION**
**REIMBURSEMENT OF BUSINESS EXPENSES**
**(Cal. Labor Code §2802)**
**(On Behalf of PLAINTIFFS and all CLASS MEMBERS)**

84.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

85.     While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiffs and the Class Members have incurred work-related expenses, including repair and maintenance costs and communications equipment. Plaintiffs and the Class Members incurred these costs substantial expenses and losses as a direct result of performing their job duties for defendants.

86.     Defendants have failed to indemnify or in any manner reimburse Plaintiffs and the Class Members for these expenditures and losses. By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience of Defendants' direction, Defendants have violated and continue to violate Labor Code §2802.

87.     By unlawfully deducting wages and failing to pay Plaintiffs and the similarly situated drivers, Defendants are also liable for reasonable attorneys' fees and costs pursuant to Labor Code §2802(c).

88.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members have suffered substantial losses according to proof, as well as prejudgment interest.

89.     Plaintiffs request relief as described below.

**SEVENTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES**
**(Cal. Labor Code §§221, 223, 400-410, IWC Wage Order No. 9)**
**(On Behalf of PLAINTIFFS and all CLASS MEMBERS)**

90.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

91.     Labor Code §221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

92.     Labor Code §223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or contract."

93. Labor Code §§400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees from the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

94. IWC Wage Order No. 9, §8 provides that the only circumstance under which an employer may make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employees' gross negligence or dishonest or willful act.

95. These and related statutes, along with California's fundamental public policy of protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredictable reductions in their wages; making employees the insurers of their employers' business losses; otherwise passing the ordinary business losses of the employer onto the employee; or taking deductions from wages for business losses in any form unless the employer can establish that the loss was caused by the gross negligence or a dishonest or willful act by the employee.

96. Defendants have violated Labor Code §§221, 223, and 400-410, and IWC Wage Order No. 9, §8 by unlawfully taking deductions from Plaintiffs' and the similarly situated drivers' compensation to cover certain ordinary business expenses of Defendants, including but not limited to repair fees.

97. Because Defendants made unlawful deductions from Plaintiffs and the similarly situated drivers' compensation, they are liable to Plaintiffs for the compensation that should have been paid but for the unlawful deductions pursuant to Labor Code §§221, 223, and 400-410, and IWC Wage Order No. 9, §8.

98. By unlawfully deducting wages and failing to pay Plaintiffs and the similarly situated drivers, Defendants are also liable for reasonable attorneys' fees and costs.

99. Plaintiffs request relief as described below.

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

**EIGHTH CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**(Cal. Labor Code §§201-203)**
**(On Behalf of PLAINTIFFS AL LAHHAM, KASTIRO, KIWAN and all CLASS MEMBERS)**

100.   The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

101.   Labor Code §201 requires an employer who discharges an employee to pay all compensation due and owing at the time of termination.

102.   Labor Code §202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of termination, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final workday.

103.   Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge as required by §§201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 workdays.

104.   Defendants willfully failed and refused to timely pay compensation and wages, including unpaid meal period premiums, unpaid minimum wage pay, unpaid overtime compensation and sums wrongfully deducted from compensation, to Plaintiffs upon terminating each of them. As a result, Defendants are liable to Plaintiffs Al Lahham, Kastiro and Kiwan for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs pursuant to Labor Code §§203 and 256.

105.   Plaintiffs request relief as described below.

**NINTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Cal. Bus. & Prof. Code §§17200-17209)**
**(On Behalf of PLAINTIFFS and all CLASS MEMBERS)**

106.   The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

107.   Cal. Bus. & Prof. Code §17200 prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

108.   Cal. Bus. & Prof. Code §17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §17200, *et seq.*).

109.   Beginning on an exact date unknown to Plaintiffs but at least four years prior to their filing this action, Defendants have improperly, fraudulently, unfairly and unlawfully misclassified its drivers, including Plaintiffs, as "independent contractors" instead of employees and have thereby committed unlawful, unfair and/or fraudulent business acts and practices as defined by Cal. Bus. & Prof. Code §17200, by engaging in the following:

      a)   Failing to compensate Plaintiffs for all hours worked;

      b)   Failing to pay Plaintiffs the legal minimum wage;

      c)   Failing to pay Plaintiffs overtime compensation;

      d)   Failing to provide Plaintiffs with meal periods;

      e)   Failing to authorize or permit Plaintiffs to take rest periods;

      f)   Failing to provide accurate wage statements to Plaintiffs;

      g)   Failing to maintain accurate payroll records regarding Plaintiffs;

      h)   Failing to indemnify Plaintiffs for employment-related business expenses and losses;

      i)   Improperly and unlawfully making deductions from Plaintiffs' compensation because of cash shortages, breakage, equipment loss and other work-related expenses not attributable to Plaintiffs' dishonest, willful or grossly negligent conduct.

      j)   Unlawfully deducting money from wages owed to Plaintiffs;

      k)   Failing to pay all compensation due and owing at the time of Plaintiffs' termination;

      l)   Intentionally, recklessly and/or negligently misrepresenting to Plaintiffs the true nature of their employment status were intended to avoid employee status for Plaintiffs and the Class Members in order to avoid employee status for Plaintiffs and the similarly situated drivers.

110. The violations of these laws serve as unlawful, unfair and/or fraudulent business practices pursuant to Cal. Bus. & Prof. Code §17200.

111. As a direct and proximate result of Defendants' unfair, unlawful, and/or fraudulent acts and practices described above, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs and the similarly situated drivers. As a direct and proximate result of Defendants' unlawful business practices, Plaintiffs and the Class Members have suffered economic injuries including but not limited to, out-of-pocket business expenses, unlawful deductions from wages, loss of minimum wages, loss of overtime compensation, loss of meal period premium compensation, waiting time penalties. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper wage deductions, unpaid minimum wages and overtime, unpaid meal and rest period premium compensation and interest accrued on all such sums above to which Plaintiffs and the Class Members were entitled.

112. Plaintiffs and the Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code §§17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, unpaid minimum wages and overtime, unpaid meal period premium compensation, and interest since four years prior to Plaintiffs filing this action.

113. Plaintiffs and the Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Cal. Bus. & Prof. Code §17202.

114. Plaintiffs' success in this action will enforce important rights affecting the public interest. In this regard, Plaintiffs sue on behalf of the public as well as on behalf of themselves. Plaintiffs seek and are entitled to reimbursement of business expenses, unpaid compensation, declaratory and injunctive relief, civil penalties and any other appropriate remedy.

115. Injunctive relief is necessary and appropriate to prevent Defendants from continuing and repeating the unlawful, unfair, and/or fraudulent business acts and practices as described above.

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

116.   In order to prevent Defendants from profiting and benefiting from their past and continuing wrongful and illegal acts, an Order is necessary requiring Defendants to disgorge all the profits and gains they have reaped and restore such profits and gains to Plaintiffs, from whom they were unlawfully taken.

117.   Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees and costs are appropriate pursuant to Cal. Code. Civ. Proc. §1021.5.

118.   By all of the foregoing alleged conduct, Defendants have committed and continue to commit ongoing unlawful, unfair, and/or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code §17200, *et seq.*

119.   As a direct result of the unfair business practices described above, Plaintiffs, the similarly situated drivers and members of the general public have all suffered significant losses, and Defendants have been unjustly enriched.

120.   Plaintiffs request relief as described below

**TENTH CAUSE OF ACTION**
**PRIVATE ATTORNEYS GENERAL ACT PENALTIES**
**(Cal. Bus. & Prof. Code §§17200-17209)**
**(On Behalf of PLAINTIFFS and all CLASS MEMBERS)**

121.   The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

122.   During the Class Period, Defendants, and Defendant Salamin specifically, violated Cal. Labor Code §§201-203, 221, 223, 226, 226.7, 400-410, 510, 512, 1102.5, 1174, 1194, 1194.2, 1197, 1197.1 2802 as described above and §1102.5 as described below. Defendants, and Salamin specifically, also violated Labor Code §§551-552 by requiring Plaintiffs and other drivers to work seven days a week. Defendants, and Salamin specifically, also violated §§4, 7, 8, 11 and 12 of the applicable Wage Order as described above.

123. Cal. Labor Code §§2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and/or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in Cal. Labor Code §2699.3. Pursuant to those sections and also Cal. Labor Code §§558 and 1199, Plaintiffs are entitled to recover civil penalties for the violations of the Labor Code and Wage Order sections identified above which occurred after January 24, 2011.

124. Pursuant to Cal. Labor Code §2699.3, on January 31, 2012, Plaintiffs gave written notice by U.S. Certified Mail to the California Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the Cal. Labor Code alleged to have been violated and the facts and theories to support the alleged violations. The LWDA failed to respond to that notice within thirty-three calendar days. Thus, under California law, Plaintiffs were permitted by Cal. Labor Code §2699.3(a)(2)(C) to amend their existing Complaint to add this cause of action for PAGA penalties and have obtained leave of the Court to do so via stipulation or noticed motion.

125. Pursuant to Cal. Labor Code §2699(g), Plaintiffs and the Class Members are entitled to an award of reasonable attorneys' fees and costs in connection with their claims for civil penalties.

**ELEVENTH CAUSE OF ACTION**
**RETALIATORY TERMINATION**
**(Cal. Labor Code §1102.5)**
**(Brought by PLAINTIFFS AL LAHHAM and KIWAN Individually)**

126. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

127. On or around September 2011, Plaintiff Al Lahham began complaining to Defendants that he was entitled to overtime for the hours he was being required to work. He then refused to work unless he was paid overtime. On or around September 15, 2011, Defendants sent two employees to forcefully retrieve the medical transportation vehicle Defendants had assigned to Al Lahham, terminating him and not allowing him to work

1  unless he agreed to drive a different (and very unsafe) vehicle and work without overtime or

2  hourly wages of any kind, in violation of the overtime laws of this state.

3        128.   On or around December 2011, Plaintiff Kiwan began complaining to

4  Defendants that he was entitled to pay for the entire period that they required him to be on

5  duty and refused to work unless he was paid the for all of the time he was required to be on

6  duty. On December 20, 2010, Serra gave Kiwan a "Final Warning" in which it instructed

7  Kiwan to contact Salamin directly with any further problems and that if Kiwan continued to

8  complain about his compensation "[his] employment with [Defendants] will be terminated."

9  Serra told Kiwan not to complain and that he should "do what he is told." When Kiwan

10 continued to complain, Serra terminated him, threatening to call the police and tell them that

11 Kiwan had stolen the medical transportation vehicle he was driving.

12        129.   As a proximate result of the retaliatory terminations of Plaintiffs Al Lahham and

13 Kiwan, as alleged above, Al Lahham and Kiwan have been harmed in that he has lost

14 wages in an amount according to proof, which amount exceeds the jurisdictional threshold

15 of this court.

16        130.   As a further proximate result of Defendants' unlawful acts, Plaintiffs Al Lahham

17 and Kiwan have suffered humiliation, anguish and emotional and physical distress. As a

18 result of such consequent harm, Plaintiffs Al Lahham and Kiwan have been damaged in an

19 amount according to proof, which amount exceeds the jurisdictional threshold of this court.

20        131.   Defendants engaged in the conduct described above with malice, oppression,

21 fraud, and in reckless disregard for the rights of Plaintiffs Al Lahham and Kiwan.

22        132.   Al Lahham and Kiwan have been forced to retain attorneys to represent him

23 and have incurred legal fees and costs. Having complied with the notice requirements of

24 Cal. Labor Code §2699.3, Al Lahham and Kiwan are entitled to an award of reasonable

25 attorneys' fees and costs in connection with their claims of retaliatory termination pursuant

26 to Cal. Labor Code §2699(g).

27

28

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

1

**<u>PRAYER FOR RELIEF</u>**

2      WHEREFORE, Plaintiffs, on behalf of themselves and all FLSA Collective Action

3   Members, pray for relief as follows for the first, second and fifth causes of action:

4                  a)      Designation of this action as a collective action on behalf of the FLSA

5                          Collective Action Members (asserting FLSA claims) and prompt

6                          issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated

7                          members of the FLSA Opt-in Class, apprising them of the pendency of

8                          this action and permitting them to assert timely FLSA claims in the

9                          instant action by filing individual Consent to Become Party Plaintiff

10                         forms pursuant to 29 U.S.C. §216(b).

11                 b)      Designation of Plaintiffs as representatives of the FLSA Collective

12                         Action;

13                 c)      A Declaratory Judgment that the practices complained of herein were

14                         and are unlawful under the FLSA;

15                 d)      An award of damages according to proof, including liquidated damages,

16                         to be paid by Defendants;

17                 e)      Costs of the action incurred herein, including expert fees;

18                 f)      Reasonable attorneys' fees pursuant to 29 U.S.C. §216;

19                 g)      Pre- and post-judgment interest as provided by law; and

20                 h)      Such other legal and equitable relief that this Court deems necessary,

21                         just and proper.

22      WHEREFORE, Plaintiffs, on behalf of themselves and the above-described Rule 23

23   Class of similarly situated drivers, pray for relief as follows for the First through Tenth

24   Causes of Action:

25                 a)      Certification of the above-described Class as a class action pursuant to

26                         Fed. R. Civ. P. 23;

27                 b)      Provision of class notice to all Class Members;

28

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

c)      A declaratory judgment that the practices complained of herein are unlawful under the California Labor Code, IWC Wage Order and the California Business & Professions Code as described above;

d)      A declaratory judgment that the violations as described above were willful;

e)      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f)      An equitable accounting to identify, locate and restore to all current and former drivers the wages that are due and owing to each of them;

g)      An award of damages, including for minimum wages and overtime compensation, unpaid meal period compensation, reimbursement of business expenses and unlawful deductions from wages, as well as any liquidated, punitive or penalty damages allowed under California law, to be paid by Defendants;

h)      An award of restitution for wages due to Plaintiffs and California Class Members to be paid by Defendants in accordance with proof at trial;

i)      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees, pursuant to Cal. Code Civ. Proc. §1021.5 and Cal. Labor Code §§ 226, 1194, 2802, 2699(g) and any other applicable law, but not Cal. Labor Code §218.5;

j)      Pre- and post-judgment interest, as provided by law; and,

k)      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

WHEREFORE, Al Lahham and Kiwan pray for relief as follows for the Eleventh Cause of Action:

a)    A declaratory judgment that Defendants' terminations of Al Lahham and Kiwan were retaliatory in violation of Labor Code §1102.5;

b)    Awards of damages to Al Lahham and Kiwan, including lost wages, emotional and physical distress, as well as any punitive or penalty damages allowed under California law, to be paid by Defendants;

c)    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees pursuant to Labor Code §2698, *et seq.*;

d)    Pre-judgment and post-judgment interest, as provided by law; and,

e)    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.


Respectfully submitted,

DATED: August 1, 2012

By_____

Michael S. Sorgen
Ryan L. Hicks
LAW OFFICES OF MICHAEL S. SORGEN

Richard A. Hoyer
HOYER & ASSOCIATES

Attorneys for Plaintiffs

SECOND AMENDED COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION