Leila Narvid, Bar No. 229402
ln@paynefears.com
Susy Hassan, Bar No. 273605
sh@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, California 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Defendants
SERRA MEDICAL TRANSPORTATION COMPANY, INC., SERRA YELLOW CAB OF DALY CITY, INC., and TALIB SALAMIN

Michael S. Sorgen, Bar No. 43107
msorgen@sorgen.net
Ryan L. Hicks, Bar No. 260284
rhicks@sorgen.net
LAW OFFICES OF MICHAEL S. SORGEN
Richard A. Hoyer, Bar No. 151931
rhoyer@hoyerlaw.com
HOYER & ASSOCIATES
240 Stockton Street, 9th Floor
San Francisco, CA 94108
Telephone: (415) 956-1360
Facsimile: (415) 276-1738

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHADI AL LAHHAM, LAITH ABUHEJLEH, NAZMI KASTIRO and AHMAD KIWAN, and MOHAMED ALGAHIM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SERRA MEDICAL TRANSPORTATION COMPANY, INC., SERRA YELLOW CAB OF DALY CITY, INC., TALIB SALAMIN and DOES 1-25,<br><br>Defendants. | Case No. 3:12-cv-00355 CRB<br><br>**CLASS ACTION**<br><br>**UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     January 11, 2013<br>Time:    8:30 a.m.<br>Crtrm.:   6, 17th Floor<br><br>**The Hon. Charles R. Breyer**<br><br>Trial Date:      None<br>Action Filed:   January 23, 2012 |

3:12-cv-00355 CRB

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Defendants SERRA MEDICAL TRANSPORTATION COMPANY, INC., SERRA YELLOW CAB OF DALY CITY, INC. and TALIB SALAMIN ("Defendants") and Plaintiffs SHADI AL LAHHAM, LAITH ABUHEJLEH, NAZMI KASTIRO, AHMAD KIWAN, and MOHAMED ALGAHIM ("Plaintiffs") jointly submit this Updated Joint Case Management Conference Statement and Discovery Plan:

## I. JURISDICTION AND SERVICE

Plaintiffs filed a class and collective action complaint against Defendants on January 23, 2012 in the United States District Court for the Northern District of California. All parties herein have been served.

## II. FACTS

On January 23, 2012, Representative Plaintiffs Shadi Al Lahham, Laith Abuhejleh, Nazmi Kastiro and Ahmad Kiwan ("Plaintiffs") filed a Fair Labor Standards Act ("FLSA") collective action / Rule 23 class action on behalf of themselves and a putative class consisting of drivers who performed pre-arranged transportation services for Defendants Serra Medical Transportation, Inc. ("SMT"), Serra Yellow Cab of Daly City, Inc. ("SYC") and Talib Salamin ("Salamin"), collectively "Defendants," at any time between January 23, 2008 and the present (for the putative Rule 23 class members), and during the time period January 23, 2009 to the present for the FLSA collective action members. On March 27, 2012, Plaintiffs filed their Amended Complaint adding a claim for civil penalties under the California Private Attorneys General Act ("PAGA"). Plaintiffs filed their Second Amended Complaint on August 7, 2012 adding Mr. Algahim as a Plaintiff.

**Plaintiffs' Position:** Defendants provide pre-arranged transportation services throughout San Mateo County. Defendants utilized Plaintiffs and its other similarly situated drivers to pick up and drop off passengers who are otherwise unable to drive themselves. Defendants exercise such pervasive control over their transport operations that the drivers are employees and not independent contractors under the FLSA and California law.

By Defendants' misclassification of their drivers, they attempt to justify their failure to pay the drivers overtime, minimum wage for all hours worked, their refusal to indemnify drivers from

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-7860

employment-related expenses and losses, wrongful deductions from drivers' wages, failure to provide drivers with off-duty meal and rest periods, failure to document the actual hours worked by their drivers, and to provide accurate wage statements to the drivers, all of which are required under FLSA and/or California law.  Indeed, Plaintiffs' preliminary estimate is that Defendants did not compensate their drivers for approximately two-thirds of all hours worked during the applicable time period.  Defendants' misclassification policy has been in effect for at least four years prior to the filing of this action.

Plaintiffs Al Lahham and Kiwan also bring individual claims of retaliatory termination in violation of Cal. Labor Code §1102.5.  When Al Lahham and Kiwan complained to Defendants about being forced to work 12-hour-plus shifts without overtime pay and refused to work without receiving the minimum compensation to which they were legally entitled, Serra terminated them, even sending two employees to physically take the van assigned to Al Lahham, despite their having labeled them "independent contractors."

**Defendants' Position:**  Defendants deny all liability based on Plaintiffs' allegations and assert that it properly classified medical transportation vehicle drivers as independent contractors, and have paid them all amounts properly due to them under the law.  Defendants also assert that this case is not proper for Rule 23 class certification and/or FLSA collective action, and assert other defenses that pertain to both merits and class/collective action certification issues.

### III.     LEGAL ISSUES

The primary legal issues in this case involve: (1) whether it can proceed as a FLSA collective action, a Rule 23 class action, and/or a representative action under the PAGA; (2) whether Defendants misclassified Plaintiffs and the putative class/collective action members as independent contractors; (3) whether Defendants compensated Plaintiffs and the putative class members at a rate less than the applicable minimum wage through their common practice and policy of compensating the drivers at a per mile rate only for the time which they were actively transporting Defendants' passengers, instead of for all hours worked; (4) whether Defendants failed to pay Plaintiffs and the putative class members for all hours worked; (5) whether Defendants failed to pay Plaintiffs and the putative class members all overtime owed; (6) whether

Defendants failed to provide either meal and/or rest periods or premium pay to Plaintiffs and the putative class members as required by the applicable Wage Order; (7) whether Defendants have failed to accurately record the actual hours worked and meal periods taken by Plaintiffs and the putative class members, to provide the drivers with accurate wage statements, or to properly maintain payroll records showing the actual hours worked each day by the drivers; (8) whether Defendants have failed to indemnify Plaintiffs and the putative class members for employment-related expenses; (9) whether Defendants are liable for civil penalties for related violations of the Labor Code and the applicable Wage Order, including numerous penalties sought under the PAGA; and, (10) whether Defendants' conduct as alleged was willful. The merits of the misclassification issue will be primarily governed by the Fair Labor Standards Act ("FLSA"), California Labor Code, the Industrial Commission Wage Orders, and California and federal courts' interpretations of those statutes and orders. Class certification issues will be governed by Federal Rule of Civil Procedure Rule 23 and, to the extent applicable, California case law. FLSA collective action issues will be governed by Section 16(b) of the FLSA and, to the extent applicable, California case law. PAGA representative action issues will be governed by California Law.

At the November 2, 2012 Case Management Conference, the Court verbally instructed the parties as to the current scope of the litigation. Plaintiffs maintain that the Court limited the scope of the litigation to the issue of misclassification of Plaintiffs and the putative class members, precluding discovery regarding damages issues, with no other restrictions on motion practice or certification. Defendants contend that the Court narrowed the legal issues at this stage in litigation to the merits of Plaintiffs' individual misclassification claims. As discussed below, the parties seek clarification as to the implications of this instruction on permissible discovery and motion practice.

**IV. MOTIONS**

There are no pending motions at this time. Plaintiffs intend to file their motion to conditionally certify a FLSA collective class in the near term, having delayed filing during the holidays, and while the parties conducted a preliminary mediation session on October 30, 2012

-3- 3:12-cv-00355 CRB
UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1 and engaged in subsequent negotiations thereafter. The parties may wish to file dispositive
2 motions such as a motion for summary judgment and/or adjudication. Defendants plan to oppose
3 certification of any class and/or collective action, to the extent such motion practice is permissible
4 at this stage in litigation as they interpret the Court's instruction at the November 2, 2012 CMC as
5 limiting the case at this time to encompass only the merits of Plaintiffs' misclassification claims.
6 To the extent permissible, Defendants may file a motion for an order denying class certification on
7 Plaintiffs' state law claims on the grounds that maintaining both an "opt-in" federal FLSA class
8 and an "opt-out" state law class as to identical individuals on identical allegations does not meet
9 the Fed.R.Civ.P. 23(b)(3) superiority requirements.

**V. AMENDMENT OF PLEADINGS**

11 Plaintiffs filed an Amended Complaint on March 27, 2012. Defendants filed an Answer to
12 the Amended Complaint on April 13, 2012. Plaintiffs filed a Second Amended Complaint on
13 August 7, 2012, and Defendants filed an Answer to the Second Amended Complaint on August
14 24, 2012.

15 On September 6, 2012, this case was reassigned to the Hon. Charles R. Breyer for all
16 further proceedings.

**VI. EVIDENCE PRESERVATION**

18 The parties confirm that they have taken all appropriate steps to preserve evidence.

**VII. DISCLOSURES**

20 The parties have met and conferred regarding the Initial Disclosure requirements of Rule
21 26(f) of the Federal Rules of Civil Procedure. The parties served their respective Initial
22 Disclosures on May 4, 2012.

**VIII. DISCOVERY**

24 The parties have exchanged Initial Disclosures and engaged in informal discovery,
25 including exchange of data and documents pertaining to the putative class. Additionally, pursuant
26 to the Parties' agreement at the end of the October 30 mediation, Defendants have provided
27 Plaintiffs with summary charts containing information about certain individuals who drove
28 medical transportation vehicles. The charts reflect the number of days per month and year that

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-7860

1 each of these drivers worked exclusively in a medical transportation vehicle.

2 **Plaintiffs' Position:** Plaintiffs have propounded one special interrogatory seeking
3 identification of putative class members and two document requests: one seeking production of
4 Defendants' database containing the drivers' trip data and another request seeking copies of
5 "Operator Manifests," hard-copy documents which also contain drivers' trip data. Defendants'
6 responses to date have been incomplete and Plaintiffs' anticipate that a Motion to Compel
7 complete responses and further production of documents and an un-manipulated and complete
8 dataset will be necessary if Defendants do not produce the database in its entirety. Plaintiffs
9 deposed Defendant Talib Salamin on October 24, 2012. Defendants noticed the depositions of
10 Plaintiffs Shadi Al Lahham and Nazmi Kastiro for October 26, 2012 but cancelled them on
11 October 24, 2012. The parties previously agreed to refrain from other formal discovery until after
12 the mediation on October 30, 2012 and the parties' subsequent informal exchange of information.

13 Plaintiffs now intend to propound a full set of formal discovery regarding certification and
14 misclassification issues, the business and financial relationships of the defendants, and to begin
15 conducting depositions of percipient witnesses.

16 At the November 2, 2012 Case Management Conference, the Court verbally limited the
17 scope of discovery to the misclassification issue, precluding discovery regarding damages at this
18 stage. However, Plaintiffs strongly object to Defendants' assertion below that the Court has
19 prohibited Plaintiffs from engaging in discovery and motion practice regarding certification unless
20 and until they prove that they were misclassified as independent contractors. Plaintiffs request that
21 the Court clarify its comments from the November 2, 2012 CMC so that the parties are clear as to
22 the current permissible scope of discovery and motion practice.

23 **Defendants' Position:** Defendants may propound written discovery pertaining to the
24 merits of Plaintiffs' misclassification claims. Defendants seek clarification as to the permissible
25 scope of discovery and motion practice following the Court's limiting instruction at the November
26 2, 2012 CMC.

27 **IX.     CLASS ACTIONS**

28 **Plaintiffs' Position:** Plaintiffs are informed and believe that Defendants employed

-5-   3:12-cv-00355 CRB
UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1 approximately fifty drivers to perform pre-arranged transportation services pursuant to
2 Defendants' applicable contracts during the FLSA and Rule 23 class periods and that the class is
3 so numerous that joinder is impracticable.  As Defendants classified all such drivers as
4 independent contractors and paid them on a per-mile basis only while actively transporting
5 Defendants' passengers during the class period, Plaintiffs' claims are typical of those of the
6 putative class members and the questions as to misclassification are common to the entire class.
7 Plaintiffs will fairly and adequately represent the interests of the putative class.  Plaintiffs are
8 similarly situated to the other drivers for the purposes of a collective action under the FLSA and
9 will file their motion for conditional collective certification in the near future.  Plaintiffs also seek
10 civil penalties on behalf of themselves and other similarly aggrieved employees pursuant to the
11 PAGA, which is not subject to FLSA or Rule 23 class requirements.

12 **Defendants' Position:**  Defendants deny that Rule 23 class certification and/or
13 certification of a collective action under the FLSA is appropriate in this case and that there exists a
14 well-defined community of interest in this litigation.  Defendants deny that Plaintiffs are entitled
15 to civil penalties pursuant to the PAGA.

16 **X.    RELATED CASES**

17 The parties are unaware of any related cases pending at this time.

18 **XI.   RELIEF**

19 Plaintiffs seek payment of minimum wages, overtime, liquidated damages, and attorneys'
20 fees and costs under the FLSA on behalf of themselves and all similarly situated drivers working
21 for Defendants.  Plaintiffs also bring claims under California Law for unpaid minimum wage and
22 overtime compensation, reimbursement of business expenses and losses, reimbursement of
23 wrongful deductions taken from wages, meal and rest period premium wages, liquidated damages,
24 injunctive relief, restitution, disgorgement, statutory penalties (under specific provisions of the
25 Labor Code and also pursuant to the PAGA), punitive damages, interest and attorneys' fees and
26 costs.  The Plaintiffs with individual claims also seek lost wages, consequential damages and
27 emotional distress.
28 Defendants anticipate pursuing relief available to them through Rule 11 of the Federal

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-7860

1 Rules of Civil Procedure after complying with the procedural requirements of that Rule.

## XII. SETTLEMENT AND ADR

The parties stipulated to attend a mediation session through the Court's ADR Unit and attended a mediation before John Barg, Esq. of Barg Coffin Lewis & Trapp on October 30, 2012. The mediation was unsuccessful. However, the parties anticipate a further mediation session to take place on a date mutually agreed upon by the parties.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendants do not consent to the assignment of this action to a magistrate judge to conduct all further proceedings.

## XIV. OTHER REFERENCES

The parties do not seek appointment of a private discovery referee/master for purposes of handling discovery disputes.

## XV. NARROWING OF ISSUES

**Plaintiffs' Position:** Plaintiffs' understanding of the Court's discussion during the November 2, 2012 Case Management Conference is that the Court limited discovery to the issue of misclassification, and postponed discovery solely related to damages until after the misclassification issue is resolved by dispositive motion or otherwise, either collectively or individually. The Court did not rule that Plaintiffs are not permitted to seek certification pursuant to the FLSA or Fed. R. Civ. P. 23, respectively. Indeed, requiring Plaintiffs to *prevail* on the issue of whether they were independent contractors *prior* to seeking conditional certification runs contrary to the two-step approach for FLSA collective certification applied in the Ninth Circuit and to the class action process in general.

As discussed above, Plaintiffs intend to file their motion for conditional certification under the FLSA as soon as possible. Plaintiffs request that the Court clarify its comments from the November 2, 2012 CMC so that the parties are clear as to the current permissible scope of discovery.

**Defendants' Position:** Pursuant to this Court's instruction during the November 2, 2012 Case Management Conference, the issues in this case have been narrowed at this time to

1 encompass only issues bearing on the merits of Plaintiffs' misclassification claims.  Defendants
2 seek confirmation that the scope of this case is currently limited to the merits of Plaintiffs'
3 misclassification claims, precluding discovery and motion practice as to all other issues, including
4 the merits of Plaintiffs' derivative claims, whether or not class or collective action certification is
5 appropriate, and damages.

6 **XVI.     EXPEDITED TRIAL PROCEDURE**

7 Defendants are amenable to exploring the possibility of an expedited trial procedure in
8 accordance with General Order 64 ("Expedited Trial Procedures").  Plaintiffs do not believe that
9 expedited trial procedures are appropriate at this time.

10 **XVII.    SCHEDULING**

11 **Plaintiffs' Position:**  Plaintiffs believe that setting scheduling deadlines will be most
12 appropriate following the hearing on their forthcoming Motion for Conditional Certification of an
13 FLSA collective class.

14 **Defendants' Position:**  Defendants believe it is premature to set scheduling deadlines at
15 this time in light of the parties' continued settlement discussions and plans to partake in a further
16 mediation session.

17 **XVIII.   TRIAL**

18 Plaintiffs estimate that the trial in this case will take approximately thirty days due to the
19 complex issues involved, specifically regarding damages.  Plaintiffs estimate that the trial will take
20 nearly the same amount of time regardless of whether a class is certified or not, as Plaintiffs have
21 added a claim for PAGA penalties, which do not require certification of a class.

22 Defendants believe that the length of any trial is dependent on whether the action is
23 certified as a class action and/or collective action, the number of class members, if any, and the
24 trial plan adopted by the Court.

25 **XIX.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

26 Defendants filed a Certification of Interested Parties on March 2, 2012 stating that the
27 following individuals (i) have a financial interest in the subject matter in controversy or in a party
28 to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-7860

-8-                                       3:12-cv-00355 CRB
UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

be substantially affected by the outcome of this proceeding: Nidal Zaro and Zaid Algahmi.

## XX. OTHER MATTERS

The parties have no additional suggestions conducive to the just, speedy and inexpensive determination of the action.

DATED: January 4, 2013  PAYNE & FEARS LLP

By: */s/ Leila Narvid*
LEILA NARVID

Attorneys for Defendants SERRA MEDICAL TRANSPORTATION COMPANY, INC., SERRA YELLOW CAB OF DALY CITY, INC., and TALIB SALAMIN

DATED: January 4, 2013  LAW OFFICES OF MICHAEL S. SORGEN

By: */s/ Ryan Hicks*
RYAN L. HICKS

Attorneys for Plaintiffs SHADI AL LAHHAM, LAITH ABUHEJLEH, NAZMI KASTIRO and AHMAD KIWAN

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-7860

-9-  3:12-cv-00355 CRB
UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**ATTESTATION OF E-FILED SIGNATURE**

I, Leila Narvid, Esq. am the ECF User whose ID and password are being used to file this Updated Joint Case Management Conference Statement.  In Compliance with General Order 45, X.B., I hereby attest that Ryan L. Hicks, Esq. has read and approved this Joint Case Management Conference Statement and consents to its filing in this action.

DATED: January 4, 2013               PAYNE & FEARS LLP

By: _____*/s/ Leila Narvid*_____
LEILA NARVID

Attorneys for Defendants SERRA MEDICAL TRANSPORTATION COMPANY, INC., SERRA YELLOW CAB OF DALY CITY, INC., and TALIB SALAMIN

4848-5436-5202.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-7860

-10-                                   3:12-cv-00355 CRB
UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT